UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MIRELLE DOMINGUE,

        Plaintiff,

  - against -

COSTCO WHOLESALE CORPORATION and
COSTCO WHOLESALE MEMBERSHIP INC.,

        Defendants.
-------------------------------------------------------------X

**REMAND ORDER**
11-CV-4571 (RRM)(CLP)

ROSLYNN R. MAUSKOPF, United States District Judge.

    This personal injury action was commenced on or about August 8, 2011 with the filing in the Supreme Court of the State of New York, County of Kings of a summons and complaint. On September 21, 2011, defendants filed a notice of removal in this Court (Doc. No. 1), citing as the basis for removal this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

    By Order to Show Cause, the Court ordered defendants to Show Cause in writing, on or before October 4, 2011, why this action should not be remanded to the Supreme Court of the State of New York, County of Kings for lack of subject matter jurisdiction. In its Order to Show Cause, the Court raised concerns that defendants' Notice of Removal did not properly allege the amount in controversy, citing, *inter alia*, the Second Circuit's recent pronouncement that the amount in controversy is not established until "plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

    In response, defendants readily acknowledge this "bright line" test; however, they suggest that they have attempted to comply with this requirement, but have been frustrated by plaintiff's refusal to stipulate to the amount of damages sought, or to respond to defendants'

1

Demand for *Ad Damnum* Statement pursuant to CPLR 3017(c). Neither ground excuses defendant's failure to sufficiently allege the amount in controversy.

First, as noted in the this Court's Order to Show Cause, "[d]efendants' tactical use of an unsigned stipulation by which they hope to bind plaintiff to a promise never made, or confer subject matter jurisdiction on the Court, is insufficient to establish the amount in controversy required by the removal and diversity statutes. *See* 14AA Wright, Miller et al., Federal Practice and Procedure § 3702.1 (4th ed.) ('[A] refusal to stipulate or contest the notice of removal normally should not be accepted by the district court as establishing the jurisdictional amount because that might be viewed as tantamount to allowing the parties to consent to removal jurisdiction.'); *In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 671 (7th Cir. 2001) ('Jurisdiction cannot be conferred by stipulation or silence.')." Second, the plain language of CPLR 3017(c) accords defendants with an explicit remedy in the face of plaintiff's failure to timely respond to the *ad damnum* demand: the state court, on motion, may order plaintiff to respond. Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action. Nor is it the province of this Court, in the face of its concerns regarding its own jurisdiction, to order plaintiff to respond when the state court has the power – indeed, the statutory obligation – to consider so doing.

Defendants readily acknowledge this remedy, but assert that "obtaining a decision frequently takes months and raises the potential that a defendant's time to remove will have lapsed before a plaintiff can be compelled to provide written specification of the amount in controversy." (Def. Aff. In Response, Doc. No. 3-1 at ¶ 6.) However, that is hardly the case here.

2

Defendants have never sought to have the state court order plaintiff to respond to the *ad damnum* demand, which defendants admit was served on August 25, 2011.[1] (*Id.* at ¶ 8, Ex. A.) Rather than move the state court in the face of plaintiff's silence, on September 12, 2011, defendants sent to plaintiff a proposed stipulation as to the amount of damages, together with an admonition that removal would follow should plaintiff fail to respond. Once again, in the face of plaintiff's silence, defendants failed to seek the intervention of the state court. Rather, on September 21, defendants removed this action, presuming that plaintiff's repeated failures to respond surely meant that the amount in controversy warranted removal.

Moreover, pursuant to 28 U.S.C. § 1446(b), the outer limit for timely removal of an action, as here, brought on the basis of diversity jurisdiction is one year after commencement of the action. This lawsuit was commenced in the state court on August 8, 2011. As such, defendants had ample time in which to seek a state court order pursuant to section 3017(c) compelling plaintiff to set forth the total damages to which plaintiff deemed herself entitled.

Defendants correctly note that a court may consider evidence outside of a plaintiff's pleadings to establish, to a reasonable probability, that the amount in controversy exceeds the $75,000 jurisdictional limit. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). Courts are to evaluate jurisdictional facts "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006); *see also Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957) (where a complaint does not establish amount in controversy, "the court may look to the petition for removal"). Here, defendants assert that "the complaint alleges serious and severe personal injury." However, the state court complaint contains nothing other than the boilerplate

---

[1] The party bringing the action must respond to the demand within fifteen days of the request. CPLR 3017(c). In this case, plaintiff's response was due on September 12, 2011. *See* N.Y. Gen. Constr. Law § 20.

3

allegation that plaintiff sustained "sever or serious injuries." (Compl. ¶ 21.) The state court Complaint in no way specifies any particular injury, nor its scope or the dollar amount of the loss suffered by Plaintiff as a result. Neither the Notice of Removal nor defendants' response to this Court's Order to Show Cause particularizes or amplifies in any way the extent of plaintiff's injuries or damages. For example, defendants do not provide medical records, accident reports, or other information from which the Court could determine to a reasonable probability an adequate amount in controversy.

## **CONCLUSION**

For the reasons set forth herein, this Court hereby REMANDS this action to the Supreme Court of the State of New York, County of Kings, and the Clerk of Court is directed to close the file in this Court.

SO ORDERED.

Dated: Brooklyn, New York
October 6, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge